UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| SHELMONIK CANNON, | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 1:05-CV-105 TS |
| vs. | ) |
| JEFF WELLS, | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Shelmonik Cannon, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted.

Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v. Colley*, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

In the first paragraph, Mr. Cannon alleges that his car was searched without probable cause by K-9 unit during a routine traffic stop:

> On July 4th 2004 Officer Jeff Wells say he was conducting a routine traffic stop. When the Officer Wells told me the reason for the stop was my tags, I wanted to witness the improper display of tags so I tried to exit the car when Officer Wells pulled his pistol on me and told me to be seated. Not once did Officer Wells run my license or my registration like otherwise in a routine traffic stop. Mr. Wells then approached my passenger who was putting on his seat belt before the Officer can notice it was off. The passenger then pulled out his gun permit for the handgun he was carrying. After the Officer secured the handgun he then handcuffed the both of us and placed us in the police car. I never gave the Officer permission to search my car nor did I give him a reason to want to search my car. The Officer never had probable cause to earch or request a K-9 unit and hold us there against are own free will. Never was this a routine traffic stop and never do Officer Wells establish probable cause for his own actions. Officer Wells acted on his own beliefs and prejudged me from the time he stop my car.

Complaint at 3-4. Mr. Cannon did not have the right to exit his vehicle during the traffic stop and attempting to do so was reasonably perceived as threatening to the police officer. So too, his passenger's possession of a handgun was also reasonably perceived as threatening. These circumstances could reasonably distract the officer from the original reason for the traffic stop and make him refocus his attention to securing the safety of the scene. Therefore it is irrelevant whether the officer completed processing the paperwork associated with the original basis for the stop.

Moreover, Officer Wells did not need probable cause for a K-9 search of his vehicle.[1] *Illinois v. Caballes*, ___ U.S. ___, 125 S. Ct. 834, 837; 160 L.Ed.2d 842, 847 (2005) established that "conducting a dog sniff [does] not change the character of a traffic stop that is lawful at its inception

---

[1] Though the attached Complaint for Forfeiture states that Mr. Cannon consented to the search of the vehicle, for purposes of this screening order, the court must accept as true Mr. Cannon's assertion that he did not consent.

and otherwise executed in a reasonable manner." Here, the dog, while outside the vehicle, indicated the existence of illegal drugs and the police found illegal drugs in the armrest of the car. Therefore the claim in the first paragraph will be dismissed.

In the second paragraph Mr. Cannon alleges that his hotel room was searched without probable cause. Mr. Cannon does not allege, and based on this complaint it would not be reasonable to infer, that the Complaint for Forfeiture is inaccurate in stating that the hotel room was searched pursuant to a search warrant. Since the police officer had a search warrant, he is not liable to Mr. Cannon for the search of his hotel room. Additionally, the drugs found in his car were probable cause for issuing a search warrant for his hotel room.[2] Therefore, the claim in the second paragarph will be dismissed as well..

For the foregoing reasons, this case is dismissed pursuant to 28 U.S.C. §1915A.

SO ORDERED on April 13, 2005.

    S/ Theresa L. Springmann  
THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT

---

[2] Mr. Cannon alleges that nothing was found in his hotel room, but it is irrelevant to the question of probable cause whether the search yielded any additional evidence.

3